**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jonathan Valdez,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Central Credit Services, Inc., *a foreign corporation*,<br><br>　　　　Defendant. | Civil File No:_____<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and the TCPA.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Jonathan Valdez ("Valdez" or "Plaintiff") is a natural person residing in the County of Carver, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Central Credit Services, Inc. ("CCS" or "Defendant") is a foreign corporation that operates as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) from an address of 9550 Regency Square Blvd., Suite 500, Jacksonville, Florida 32225.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a debt with Toyota Motor Credit Corporation for an auto loan. Toyota Motor Credit Corporation is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The Toyota Motor Credit Corporation financial obligation was primarily for personal, family or household purposes and is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. On March 18, 2008, Plaintiff filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court, District of Minnesota.

9. On or about March 21, 2008, Toyota Motor Credit Corporation received effective notice on Plaintiff's bankruptcy from the bankruptcy noticing center. *See* Exhibit 1.

10. On July 29, 2008, Plaintiff discharged the debt owed to Toyota Motor Credit Corporation.

11. On or about July 29, 2008, Toyota Motor Credit Corporation received effective notice of Plaintiff's bankruptcy discharge. *See* Exhibit 2.

12. In November 2012, Toyota Motor Credit Corporation placed, consigned or otherwise transferred the discharged debt to CCS for collection from Plaintiff.

13. On or about November 13, 2012, Plaintiff received a telephonic message on his cellular telephone from CCS in an attempt to collect a debt and in connection with the collection of a debt.

14. On or about November 13, 2012, Plaintiff telephoned CCS in response to the telephonic message that was left for Plaintiff.

15. Plaintiff told CCS that he discharged the debt in his bankruptcy in July 2008 during the telephone conversation that occurred on or about November 13, 2012.

16. Plaintiff also told CCS not to contact him again, and he told CCS not to call his cellular telephone again during the telephone conversation that occurred on or about November 13, 2012.

17. CCS placed telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt and in connection with the collection of a debt that on November 27, 2012, November 29, 2012, December 4, 2012, December 6, 2012, December 28, 2012, and on January 23, 2013 after CCS knew the debt was discharged in bankruptcy and after Plaintiff told CCS not to call his cellular telephone.

18. CCS violated 15 U.S.C. §§ 1692c(c), 1692d, 1692d(5), 1692e(2)(A), 1692e(8), 1692e(10), and 1692f by continuing to communicate with Plaintiff in an attempt to collect a debt and in connection with the collection of a debt after CCS knew Plaintiff had discharged the debt and after Plaintiff had told CCS not to contact him again.

*Telephone Consumer Protection Act*

19. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

20. At all times relevant to this complaint, CCS has owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

21. CCS at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

22. CCS at all times relevant to the complaint herein engaged in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

23. At all times relevant to this complaint, CCS has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

24. At all times relevant to this complaint, CCS has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

*Collection Telephone Calls*

25. The telephonic calls placed by CCS on November 27, 2012, November 29, 2012, December 4, 2012, December 6, 2012, December 28, 2012, and on January 23, 2013 were placed on Plaintiff's cellular telephone.

26. CCS did not have Plaintiff's express consent to telephone Plaintiff on his cellular telephone.

4

27. Defendant's conduct caused Plaintiff actual damages under the FDCPA and TCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by CCS.

28. Plaintiff has incurred actual damages under the FDCPA and TCPA in the form of out-of-pocket expenses as a result of CCS's acts and omissions.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

30. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

31. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

32. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

33. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

34. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.

35. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

36. Within the one year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200(a)(1)(iii).

37. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant at all times material and relevant hereto, as described in this complaint, caused Plaintiff to sustain damages.

39. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cellular telephone.

40. Defendant made such calls knowingly and/or willfully.

41. Under the 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

42. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

43. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;
- For such other and further relief as may be just and proper; and

## COUNT II: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiff;
- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff; and
- For an injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

Dated:  February 5, 2013. **MARSO AND MICHELSON, P.A.**

By:    s/Patrick L. Hayes
Patrick L. Hayes (0389869)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com